UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-20160-CR-GAYLES/TORRES

UNITED STATES OF AMERICA,

        Plaintiff,

v.

STRAVOULA PHILIPPOU MENDEZ,

        Defendant,

v.

KRISIA DEL PRADO, ALBERTO DIAZ,
MARIA DEL JUNCO, and ROGER DEL PRADO,

        Third-Party Petitioners.
_____/

**REPORT AND RECOMMENDATION
ON THE GOVERNMENT'S MOTION TO DISMISS**

This matter is before the Court on the United States of America's (the "Government") motion to dismiss Krisia del Prado, Alberto Diaz, Maria Del Junco, and Roger Del Prado (collectively, the "Petitioners") [D.E. 415] verified petition in support of interest in property (the "Joint Petition"). [D.E. 421]. The Court granted Petitioners' [D.E. 429] motion to file a response to the motion to dismiss by September 20, 2021, but Petitioners failed to meet this deadline. The motion is therefore ripe for disposition. After careful consideration of the motion, record,

relevant authorities, and for the reasons discussed below, the Government's motion to dismiss to the Joint Petition should be **GRANTED**.[1]

## I. BACKGROUND

On March 13, 2014, a federal grand jury returned an indictment charging Defendant Stavroula Phillipou Mendez and others with conspiracy to commit bank fraud and wire fraud affecting a financial institution in violation of 18 U.S.C. § 1349, and thirteen counts of bank fraud and wire fraud in violation of 18 U.S.C. §§ 1343 and 1344. The indictment sought forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A), and the procedures of 21 U.S.C. § 853, of any property constituting, or derived from, proceeds traceable to or obtained, directly or indirectly, as a result of a conviction for violations of 18 U.S.C. §§ 1343, 1344, and/or 1349. The Government provided notice that substitute property would be subject to forfeiture upon conviction of Mr. Mendez.

On November 21, 2014, Mr. Mendez was found guilty on fourteen counts in the indictment. The Court then entered an Order and Judgment of Forfeiture ("Forfeiture Order"), which imposed a forfeiture money judgment in the amount of $35,252,331.20 against Mr. Mendez, and others, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A). [D.E. 284]. The Forfeiture Order advised that, in accordance with 21 U.S.C. § 853(p), the Government may seek the forfeiture of any of Mr. Mendez's property up to the value of the forfeiture money judgment. On July 8, 2015, Mr. Mendez was sentenced to 135 months of imprisonment and five years

---

[1] On August 26, 2021, the Honorable Darrin P. Gayles referred the Joint Petition and the motion to dismiss it to the undersigned Magistrate Judge for disposition. [D.E. 426].

of supervised release for each of the fourteen counts of conviction, to run concurrently. As part of the judgment, the Court imposed restitution in the amount of $21,240,064.60, and a restitution lien was subsequently publicly recorded. The restitution balance is currently approximately $21,183,118.99. On June 11, 2018, Mr. Mendez's conviction and sentence were affirmed on appeal. *United States v. Mendez*, 737 F. App'x 935 (11th Cir. 2018).

On May 24, 2021, the Court granted the Government's Second Motion for Preliminary Order of Forfeiture to forfeit substitute property in which Mr. Mendez has an interest, including the following real property ("Subject Property"): Real property located at 15721 N.W. 79th Ct., Miami Lakes, FL 33016; Real property located at 15762 N.W. 79th Ct., Miami Lakes, FL 33016; and Real property located at 19366 Bob-O-Link Dr., Hialeah, FL 33015. [ D.E. 397]. The Joint Petition claims that once Mr. Mendez was incarcerated, Petitioner Krisia Del Prado ("Del Pardo") and Mr. Mendez entered into an agreement for Del Prado to manage and take ownership of certain corporate entities in which Mr. Mendez was a beneficial owner. After Del Prado enhanced the value of the entities, she sold them and used the earnings to purchase new properties owned by Petitioners, which include the Subject Property.

## II.     APPLICABLE PRINCIPLES AND LAW

Title 21, United States Code, Section 853 is the federal statute on criminal forfeitures. Under § 853, any person convicted of a drug-law violation punishable by more than one-year imprisonment shall forfeit to the United States, irrespective

of any provision of state law, "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of [the] violation." *Id.* § 853(a)(1). Section 853 also protects third parties who may have an interest in property subject to forfeiture by giving them a limited right to participate temporarily in a criminal case through a hearing called an ancillary proceeding. *See United States v. Cone*, 627 F.3d 1356, 1358 (11th Cir. 2010). The purpose of an ancillary proceeding is to exempt the interest of qualifying third parties from criminal forfeiture. *See United States v. Ramunno*, 599 F.3d 1269, 1273 (11th Cir. 2010). Any third party asserting a legal interest in forfeited property "may, within thirty days of the final publication of notice or h[er] receipt of notice . . . whichever is earlier, petition the court for a hearing to adjudicate the validity of h[er] alleged interest in the property." 21 U.S.C. § 853(n)(2). This permits an orderly procedure by which third parties seeking to recover interests in forfeited property may obtain judicial resolution of their claims.[2]

---

[2] Any Florida homestead protections would not apply because "[i]n describing the substitute property that may be forfeited, Congress spoke broadly in commanding that 'the court shall order the forfeiture of any other property of the defendant.'" *United States v. Fleet*, 498 F.3d 1225, 1229 (11th Cir. 2007) (quoting 21 U.S.C. § 853(p)(2)). The Eleventh Circuit has found that the statutory language "does not convey discretion," and that the word "any" is "not susceptible to fudging either." *Id.* at 1229. Hence, there is well-established precedent in our circuit that there is no stated exception for homestead property or entireties property from the substitute property provision of the federal criminal forfeiture statute, 21 U.S.C. § 853(p). *Id.* at 1232 ("[W]e hold that where the forfeiture of substitute property is concerned, 21 U.S.C. § 853(p) preempts Florida's homestead exemption and tenancy by the entireties laws."); *see also United States v. One Parcel of Real Estate at 3262 S.W. 141 Ave., Miami, Dade County, Fla.*, 33 F.3d 1299, 1301 n.6 (11th Cir. 1994) ("We have held that federal forfeiture law preempts the Florida homestead exemption from forfeiture.").

Federal Rule of Criminal Procedure 32.2 includes a similar provision mandating that a district court conduct an ancillary proceeding when a third party files a petition asserting an interest in property forfeited as the proceeds of criminal activity. Fed. R. Crim. P. 32.2(c)(1). The specifications that a third-party claimant have a legal interest under § 853 and an interest under Rule 32.2 impose a statutory-standing requirement on claimants. Therefore, under both § 853 and Rule 32.2, "a party seeking to challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate [a legal] interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture." *United States v. Three Hundred Sixty Four Thousand Nine Hundred Sixty Dollars ($364,960.00) in U.S. Currency,* 661 F.2d 319, 326 (5th Cir. 1981).

Rule 32.2 also provides that in "an ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, failure to state a claim, or for any other lawful reason." Fed. R. Crim. Proc. 32.2(c)(1)(A). A motion to dismiss a third party's claim is treated like a 12(b) motion in a civil case, meaning all facts in a petition are assumed to be true. *See United States v. Grossman*, 501 F.3d 846, 848 (7th Cir. 2007) (concluding under Rule 32.2(c)(1)(A) that the Government may move to dismiss a third party claim on any ground to which a 12(b) motion would apply in a civil case); *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004) (finding a motion to dismiss a third party claim in an ancillary proceeding is treated like a 12(b) motion in a civil case). If, taking all facts alleged in the petition as true, it fails to set forth ground upon which the claim would prevail, the claim must be

dismissed. *See United States v. Salti*, 579 F.3d 656, 669-70 (6th Cir. 2009) (finding a third-party claim may be dismissed on the pleadings if, assuming all facts alleged in the claim to be true, claimant has not asserted a legal interest in the forfeited property). Ultimately, the burden is on the petitioner to show, by a preponderance of the evidence, that he or she meets the substantive requirements to recover the forfeited property.

While there is no need for a petition to prove its allegations at this stage of the proceedings, it must do more than simply assert it has an interest in the property. *See, e.g., United States v. Pegg*, 1998 WL 34309460, at *3 (M.D. Ga. Nov. 25, 1998) (petition which merely recited language from § 853(n) and alleged general conclusions, without providing allegations of fact as required by § 853(n)(3), insufficient and petition dismissed). The showing may not be a heavy burden, but it is a burden nonetheless. *See United States v. $244,320.00 in U.S. Currency*, 295 F. Supp. 2d 1050, 1062 (S.D. Iowa 2003); *see also United States v. $290, 000.00 in United States Currency,* 2006 WL 2475331, *4 (D. Kan. Aug. 25, 2006) ("The courts have consistently held that *unexplained* naked possession does not constitute a sufficient possessory interest to confer standing on a claimant to contest a forfeiture.") (emphasis added).

To overcome a motion to dismiss, a third party petitioner must establish that he is entitled to relief and that his "legal right, title, or interest in the forfeited property meets the circumstances set forth in either Section 853(n)(6)(A) or Section 853(n)(6)(B), and, he must allege facts sufficient to state a claim under one of the

6

two provisions." *Preston*, 123 F. Supp. 3d at 115; *see also United States v. Hailey*, 924 F. Supp. 2d 648, 658 (D. Md. 2013) ("The availability of a motion to dismiss indicates that to state a claim, one of the § 853(n)(6) bases must be pled."); *see also United States v. Reckmeyer*, 836 F.2d 200, 203 (4th Cir. 1987) ("Subsection (n) provides the only means for third parties to establish their interest in forfeited property."). That means a petitioner must establish by a preponderance of the evidence superior ownership at the time of the offense under § 853(n)(6)(A), or that he subsequently acquired the property as a bona fide purchaser for value under § 853(n)(6)(B):

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; *or*
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> [T]he court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n)(6) (emphasis added); *see also Reckmeyer*, 836 F.2d at 204 ("[S]ubsection (n)(6) protects only two classes of petitioners, those whose legal interest in the property were superior to the defendant[] at the time the interest of the United States vested through the commission of an act giving rise to the forfeiture and 'bona fide purchasers for value' without knowledge of the

forfeitability of the defendant's assets."); *see also United States v. Jimerson*, 5 F.3d 1453, 1455 (11th Cir. 1993) (same).

### III. ANALYSIS

The Joint Petition fails to comply with statutory pleading requirements. Specifically, it is not signed by each Petitioner under penalty of perjury. A third-party petition claiming an interest in preliminarily forfeited property must

> *be signed by the petitioner under penalty of perjury* and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3) (emphasis added).

Because the Joint Petition is not signed by three of the Petitioners, the Joint Petition should be dismissed without a hearing. *See* Fed. R. Crim. P. 32.2(c) advisory committee's note (2000) (quoting *United States v. BCCI Holdings (Luxembourg), S.A.*, 919 F. Supp. 31, 36 (D.D.C. 1996) ("If a third party fails to allege in its petition all requisite elements, the court may dismiss the petition without providing a hearing.")); *see also United States v. Avila-Torres*, No. 17-20148-CR, 2019 WL 2177342, at *5 (S.D. Fla. May 20, 2019), *appeal dismissed sub nom. United States v. Diaz*, No. 19-12835-HH, 2019 WL 5538563 (11th Cir. Sept. 12, 2019) (Judge Scola granting government's motion to dismiss petition because it was not signed under penalty of perjury and, thus, "fail[ed] to satisfy the pleading requirement of 21 U.S.C. § 853(n)(3)"); *United States v. Zamora*, No. 14-20220, 2018 WL 4938717, *2 (S.D. Fla. 2018) (O'Sullivan, Mag. J.), *report and recommendation*

*adopted*, 2018 WL 4938615 (S.D. Fla. 2018) (Lenard, J.) (dismissing motion for return of property that failed to comply with requirements of § 853(n)(3) because it was not signed under penalty of perjury, failed to state the nature of movant's interest in the forfeited property, and did not state the time and circumstances movant acquired an interest in the property).

Accordingly, the Government's motion to dismiss the Petition should be **GRANTED**.

### IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Government's motion to dismiss be **GRANTED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers this 28th day of September, 2021

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge