UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-20160-CR-GAYLES/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STRAVOULA PHILIPPOU MENDEZ,

    Defendant,

v.

DIMOND KAPLAN & ROTHSTEIN, P.A., and
597 HIBISCUS LANE REVOCABLE TRUST,

    Third-Party Petitioners.
_____/

**REPORT AND RECOMMENDATION
ON THE GOVERNMENT'S MOTION TO DISMISS**

This matter is before the Court on the United States of America's (the "Government") motion to dismiss Dimond Kaplan & Rothstein, P.A.'s (the "Law Firm") and 597 Hibiscus Lane Revocable Trust's (collectively, the "Petitioners") [D.E. 411] verified petition in support of interest in property (the "Law Firm Petition"). [D.E. 417]. The Law Firm filed a response to the motion on August 19, 2021 [D.E. 422] to which the Government replied on September 9, 2021 [D.E. 430]. After careful consideration of the motion, record, relevant authorities, and for the reasons discussed below, resolution of the [D.E. 417] motion to dismiss and the [D.E. 411] Law Firm Petition should be stayed for good cause pending the

1

adjudication of a state court action that is at the heart of the motion and the Law Firm Petition.[1]

    1. On March 13, 2014, a federal grand jury returned an indictment charging Defendant Stavroula Phillipou Mendez and others with conspiracy to commit bank fraud and wire fraud affecting a financial institution in violation of 18 U.S.C. § 1349, and thirteen counts of bank fraud and wire fraud in violation of 18 U.S.C. §§ 1343 and 1344. The indictment sought forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A), and the procedures of 21 U.S.C. § 853, of any property constituting, or derived from, proceeds traceable to or obtained, directly or indirectly, as a result of a conviction for violations of 18 U.S.C. §§ 1343, 1344, and/or 1349. The Government provided notice that substitute property would be subject to forfeiture upon conviction of Mr. Mendez.

    2. On November 21, 2014, Mr. Mendez was found guilty on fourteen counts in the indictment. The Court thus entered an Order and Judgment of Forfeiture ("Forfeiture Order"), which imposed a forfeiture money judgment in the amount of $35,252,331.20 against Mr. Mendez, and others, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A). [D.E. 284]. The Forfeiture Order advised that, in accordance with 21 U.S.C. § 853(p), the Government may seek the forfeiture of any of Mr. Mendez's property up to the value of the forfeiture money judgment. On July 8, 2015, Mr. Mendez was sentenced to 135 months of imprisonment and five years of supervised release for each of the fourteen counts of conviction, to run

---

[1] On August 16, 2021, the Honorable Darrin P. Gayles referred the motion to dismiss to the undersigned Magistrate Judge for disposition. [D.E. 419].

concurrently. As part of the judgment, the Court imposed restitution in the amount of $21,240,064.60, and a restitution lien was subsequently publicly recorded. The restitution balance is currently approximately $21,183,118.99. On June 11, 2018, Mr. Mendez's conviction and sentence were affirmed on appeal. *United States v. Mendez*, 737 F. App'x 935 (11th Cir. 2018).

3. On May 24, 2021, the Court granted the Government's Second Motion for Preliminary Order of Forfeiture to forfeit substitute property in which Mr. Mendez has an interest, including the following ("Subject Property"):

1) Approximately $500,000 in U.S. currency in Government custody;
2) Real property located at 27501 S.W. 162nd Ct., Miami, FL 33031;
3) Real property located at 27531 S.W. 162nd Ct., Miami, FL 33031;
4) Real property located at 2236 W. 74th Pl., Unit 9C, Hialeah, FL 33016;
5) Real property located at 7199 W. 30th Ct., Hialeah, FL 33018;
6) Real property located at 8160 W. 28th Ct., Unit 106, Hialeah, FL 33018;
7) Real property located at 7687 W. 36th Ave., Unit 6, Hialeah, FL 33018;
8) Real property located at 17922 N.W. 68th Ave., Unit 32, Hialeah, FL 33015;
9) Real property located at 7931 W. 29th Ln., Unit 202-7, Hialeah, FL 33015;
10) Real property located at 2403 W. 76th St., Unit 205, Hialeah, FL 33016;
11) Real property located at 8958 N.W. 120th St., Unit 61, Hialeah Gardens, FL 33018;
12) Real property located at 15721 N.W. 79th Ct., Miami Lakes, FL 33016;

13) Real property located at 15762 N.W. 79th Ct., Miami Lakes, FL 33016;
14) Real property located at 19366 Bob-O-Link Dr., Hialeah, FL 33015; and
15) Real property located at 17650 N.W. 68th Ave., Unit A2008, Hialeah, FL 33015.

4. Once Mr. Mendez was incarcerated, Krisia Del Prado ("Del Pardo") and Mr. Mendez entered into an agreement for Del Prado to manage and take ownership of certain corporate entities the ("Optimus Entities") in which Mr. Mendez was a beneficial owner. After Del Prado enhanced the value of the entities, she sold them and used the earnings to purchase new properties, which include the Subject Property. The Optimus Entities retained the Law Firm to file lawsuits to recover the proceeds stolen by Del Prado. At that time, the Law Firm notified law enforcement authorities from the State of Florida of the theft and retained an expert to trace the stolen proceeds, which led to the identification of the Subject Properties, all of which were purchased with the proceeds stolen from the Optimus Entities.

5. The Law Firm Petition states that the Law Firm has an interest in the Subject Property pursuant to a contingency-fee agreement it has with the Optimus Entities. The Law Firm filed the following pending consolidated state civil cases on behalf of the Optimus Entities: Optimus U.S. 801 NW 47th Ave, LLC, et al v. Krisia Del Prado, et al., Case No. 19-33861-CA-01 (Fla. 11th Cir. Ct.); Optimus U.S. 801 NW 47th Ave, LLC, et al. v. Roger Del Prado, et al., Case No. 2020-14093-CA-01 (Fla. 11th Cir. Ct.) (collectively, the "State Civil Case"). To date, no judgment has been entered in the State Civil Case.

6. To establish a claim to forfeited property under § 853(n)(6)(B), a petitioner must demonstrate that it is "a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture." 21 U.S.C. § 853(n)(6)(B). The Law Firm argues the Law Firm Petition sufficiently establishes how and when it developed its bona fide interest in the Subject Property by stating that:

> Petitioner was hired by the Optimus Entities to file a state court lawsuit to recover the money stolen by del Prado. As part of Petitioner's work, they retained an expert to trace and identify all of the assets del Prado stole. Petitioner performed a substantial amount of work on a largely-contingency fee arrangement and invested significant time and resources into the case. Indeed, Petitioner was able to identify the Subject Properties and confirm their funding via the Optimus Entities' assets only through expending hundreds of thousands of dollars of attorneys' fees, expert fees, and other resources. It is believed that the Government's Second Motion for Forfeiture and its basis for substitution of assets is significantly based on the work performed by Petitioner, which the Government gleaned via public filings in the state-court action.

7. However, based on the Petitioner's own allegations, its claimed interest in the Subject Property appears to be contingent on the outcome of the State Civil Case. This is the primary argument made by the Government in its motion to dismiss. And the Law Firm does not cite to any authority that establishes that a bona fide interest in property can be established through a contingency agreement that is tied to pending litigation. Given the unusual posture of the present dispute, the Court should find good cause to decline the invitation to settle the bona fide purchaser argument at this time. The Court instead should find good cause to

simply stay resolution of the motion to dismiss and the Law Firm Petition until the State Civil Case is fully adjudicated. So, even if meritorious, the Law Firm Petition and the motion to dismiss are premature. We should decline to adjudicate them until resolution of the State Civil Case.

Accordingly, the Court **RECOMMENDS** that the Law Firm Petition and the motion to dismiss should be **STAYED** and terminated as such without prejudice.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 6th day of October, 2021

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge