UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-20160-CR-GAYLES/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STRAVOULA PHILIPPOU MENDEZ,

    Defendant,

v.

DIMOND KAPLAN & ROTHSTEIN, P.A., and
597 HIBISCUS LANE REVOCABLE TRUST,

    Third-Party Petitioners.
_____/

**REPORT AND RECOMMENDATION
ON THE GOVERNMENT'S MOTION TO DISMISS**

This matter is before the Court on the United States of America's (the "Government") motion to dismiss Dimond Kaplan & Rothstein, P.A.'s (the "Law Firm" or "Petitioner") and 597 Hibiscus Lane Revocable Trust's [D.E. 411] verified petition in support of interest in property (the "Law Firm Petition"). [D.E. 417]. The Law Firm filed a response to the motion on August 19, 2021 [D.E. 422] to which the Government replied on September 9, 2021 [D.E. 430]. We originally recommended to stay the motion pending the adjudication of a state court action, but that action was fully adjudicated on October 18, 2021. [D.E. 433-37]. As such, this motion is now ripe for disposition. After careful consideration of the motion,

1

record, relevant authorities, and for the reasons discussed below, the [D.E. 417] motion to dismiss should be **GRANTED**.[1]

## I. BACKGROUND

On March 13, 2014, a federal grand jury returned an indictment charging Defendant Stavroula Phillipou Mendez and others with conspiracy to commit bank fraud and wire fraud affecting a financial institution in violation of 18 U.S.C. § 1349, and thirteen counts of bank fraud and wire fraud in violation of 18 U.S.C. §§ 1343 and 1344. The indictment sought forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A), and the procedures of 21 U.S.C. § 853, of any property constituting, or derived from, proceeds traceable to or obtained, directly or indirectly, as a result of a conviction for violations of 18 U.S.C. §§ 1343, 1344, and/or 1349. The Government provided notice that substitute property would be subject to forfeiture upon conviction of Mr. Mendez.

On November 21, 2014, Mr. Mendez was found guilty on fourteen counts in the indictment. The Court entered an Order and Judgment of Forfeiture ("Forfeiture Order"), which imposed a forfeiture money judgment in the amount of $35,252,331.20 against Mr. Mendez, and others, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A). [D.E. 284]. The Forfeiture Order advised that, in accordance with 21 U.S.C. § 853(p), the Government may seek the forfeiture of any of Mr. Mendez's property up to the value of the forfeiture money judgment. On July 8, 2015, Mr. Mendez was sentenced to 135 months of imprisonment and five years

---

[1] On August 16, 2021, the Honorable Darrin P. Gayles referred the motion to dismiss to the undersigned Magistrate Judge for disposition. [D.E. 419].

of supervised release for each of the fourteen counts of conviction, to run concurrently. As part of the judgment, the Court imposed restitution in the amount of $21,240,064.60, and a restitution lien was subsequently publicly recorded. The restitution balance as the date of the motion was approximately $21,183,118.99. On June 11, 2018, Mr. Mendez's conviction and sentence were affirmed on appeal. *United States v. Mendez*, 737 F. App'x 935 (11th Cir. 2018).

On May 24, 2021, the Court granted the Government's Second Motion for Preliminary Order of Forfeiture to forfeit substitute property in which Mr. Mendez has an interest, including the following (the "Subject Property"):

1) Approximately $500,000 in U.S. currency in Government custody;
2) Real property located at 27501 S.W. 162nd Ct., Miami, FL 33031;
3) Real property located at 27531 S.W. 162nd Ct., Miami, FL 33031;
4) Real property located at 2236 W. 74th Pl., Unit 9C, Hialeah, FL 33016;
5) Real property located at 7199 W. 30th Ct., Hialeah, FL 33018;
6) Real property located at 8160 W. 28th Ct., Unit 106, Hialeah, FL 33018;
7) Real property located at 7687 W. 36th Ave., Unit 6, Hialeah, FL 33018;
8) Real property located at 17922 N.W. 68th Ave., Unit 32, Hialeah, FL 33015;
9) Real property located at 7931 W. 29th Ln., Unit 202-7, Hialeah, FL 33015;
10) Real property located at 2403 W. 76th St., Unit 205, Hialeah, FL 33016;
11) Real property located at 8958 N.W. 120th St., Unit 61, Hialeah Gardens, FL 33018;

12) Real property located at 15721 N.W. 79th Ct., Miami Lakes, FL 33016;
13) Real property located at 15762 N.W. 79th Ct., Miami Lakes, FL 33016;
14) Real property located at 19366 Bob-O-Link Dr., Hialeah, FL 33015; and
15) Real property located at 17650 N.W. 68th Ave., Unit A2008, Hialeah, FL 33015.

Once Mr. Mendez was incarcerated, Krisia Del Prado ("Del Pardo") and Mr. Mendez entered into an agreement for Del Prado to manage and take ownership of certain corporate entities, (the "Optimus Entities"), in which Mr. Mendez was a beneficial owner. After Del Prado enhanced the value of the entities, she sold them and used the earnings to purchase new properties, which include the Subject Property. The Optimus Entities retained the Law Firm to file lawsuits to recover the proceeds stolen by Del Prado. At that time, the Law Firm notified law enforcement authorities from the State of Florida of the theft and retained an expert to trace the stolen proceeds, which led to the identification of the Subject Property, all of which were purchased with the proceeds stolen from the Optimus Entities.

The Law Firm filed the following consolidated state civil cases on behalf of the Optimus Entities: Optimus U.S. 801 NW 47th Ave, LLC, et al v. Krisia Del Prado, et al., Case No. 19-33861-CA-01 (Fla. 11th Cir. Ct.); Optimus U.S. 801 NW 47th Ave, LLC, et al. v. Roger Del Prado, et al., Case No. 2020-14093-CA-01 (Fla. 11th Cir. Ct.) (collectively, the "State Civil Case"). On October 18, 2021, final judgment was entered in favor of the Optimus Entities in the State Civil Case. Florida Circuit Court Judge William Thomas found that Del Prado made fraudulent

transfers of the Subject Property and ordered her and others to execute all documentation that is reasonably necessary to effectuate a proper conveyance of clean title of the Subject Property to the Optimus Entities. [D.E. 43, Ex. A, B].

The Law Firm claims that it has a bonda fide interest in the Subject Property pursuant to a contingency-fee agreement it has with the Optimus Entities in exchange for its time and resources spent on the case. This includes expending hundreds of thousands of dollars identifying the Subject Property by tracing the funding back to the Optimus Entities. The Law Firm contends the Government only knows about the Subject Property due to public filings on these efforts, and that the Government's Second Forfeiture Order is substantially based on the work performed by the Law Firm. This is evidenced by the Subject Property not being specifically identified in the indictment nor the Forfeiture Order, and the Government filing its Second Forfeiture Order approximately five years later, which was shortly after the Law Firm filed suit against Del Prado in state court.

The Law Firm therefore argues it has legal right, title, or interest in the Subject Property and is a bona fide purchaser for the value of the right, title, or interest in the Subject Property based on the terms of the contingency-fee agreement. It claims that this interest was established at the time the contingency-fee agreement was signed.

## II.  APPLICABLE PRINCIPLES AND LAW

Title 21, United States Code, Section 853 is the federal statute on criminal forfeitures. Under § 853, any person convicted of a drug-law violation punishable

by more than one-year imprisonment shall forfeit to the United States, irrespective of any provision of state law, "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of [the] violation." *Id.* § 853(a)(1). Section 853 also protects third parties who may have an interest in property subject to forfeiture by giving them a limited right to participate temporarily in a criminal case through a hearing called an ancillary proceeding. *See United States v. Cone*, 627 F.3d 1356, 1358 (11th Cir. 2010). The purpose of an ancillary proceeding is to exempt the interest of qualifying third parties from criminal forfeiture. *See United States v. Ramunno*, 599 F.3d 1269, 1273 (11th Cir. 2010). Any third party asserting a legal interest in forfeited property "may, within thirty days of the final publication of notice or h[er] receipt of notice . . . whichever is earlier, petition the court for a hearing to adjudicate the validity of h[er] alleged interest in the property." 21 U.S.C. § 853(n)(2). This permits an orderly procedure by which third parties seeking to recover interests in forfeited property may obtain judicial resolution of their claims.[2]

---

[2] Any Florida homestead protections would not apply because "[i]n describing the substitute property that may be forfeited, Congress spoke broadly in commanding that 'the court shall order the forfeiture of any other property of the defendant.'" *United States v. Fleet*, 498 F.3d 1225, 1229 (11th Cir. 2007) (quoting 21 U.S.C. § 853(p)(2)). The Eleventh Circuit has found that the statutory language "does not convey discretion," and that the word "any" is "not susceptible to fudging either." *Id.* at 1229. Hence, there is well-established precedent in our circuit that there is no stated exception for homestead property or entireties property from the substitute property provision of the federal criminal forfeiture statute, 21 U.S.C. § 853(p). *Id.* at 1232 ("[W]e hold that where the forfeiture of substitute property is concerned, 21 U.S.C. § 853(p) preempts Florida's homestead exemption and tenancy by the entireties laws."); *see also United States v. One Parcel of Real Estate at 3262 S.W. 141 Ave., Miami, Dade County, Fla.*, 33 F.3d 1299, 1301 n.6 (11th Cir.

6

Federal Rule of Criminal Procedure 32.2 includes a similar provision mandating that a district court conduct an ancillary proceeding when a third party files a petition asserting an interest in property forfeited as the proceeds of criminal activity. Fed. R. Crim. P. 32.2(c)(1). The specifications that a third-party claimant have a legal interest under § 853 and an interest under Rule 32.2 impose a statutory-standing requirement on claimants. Therefore, under both § 853 and Rule 32.2, "a party seeking to challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate [a legal] interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture." *United States v. Three Hundred Sixty Four Thousand Nine Hundred Sixty Dollars ($364,960.00) in U.S. Currency,* 661 F.2d 319, 326 (5th Cir. 1981).

Rule 32.2 also provides that in "an ancillary proceeding, the court may, on motion, dismiss the for lack of standing, failure to state a claim, or for any other lawful reason." Fed. R. Crim. Proc. 32.2(c)(1)(A). A motion to dismiss a third party's claim is treated like a 12(b) motion in a civil case, meaning all facts in a petition are assumed to be true. *See United States v. Grossman*, 501 F.3d 846, 848 (7th Cir. 2007) (concluding under Rule 32.2(c)(1)(A) that the Government may move to dismiss a third party claim on any ground to which a 12(b) motion would apply in a civil case); *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004) (finding a motion to dismiss a third party claim in an ancillary proceeding is treated like a 12(b) motion in a civil case). If, taking all facts alleged in the petition as true, it

---

1994) ("We have held that federal forfeiture law preempts the Florida homestead exemption from forfeiture.").

fails to set forth ground upon which the claim would prevail, the claim must be dismissed. *See United States v. Salti*, 579 F.3d 656, 669-70 (6th Cir. 2009) (finding a third-party claim may be dismissed on the pleadings if, assuming all facts alleged in the claim to be true, claimant has not asserted a legal interest in the forfeited property). Ultimately, the burden is on the petitioner to show, by a preponderance of the evidence, that he or she meets the substantive requirements to recover the forfeited property.

While there is no need for a petition to prove its allegations at this stage of the proceedings, it must do more than simply assert it has an interest in the property. *See, e.g., United States v. Pegg*, 1998 WL 34309460, at *3 (M.D. Ga. Nov. 25, 1998) (petition which merely recited language from § 853(n) and alleged general conclusions, without providing allegations of fact as required by § 853(n)(3), insufficient and petition dismissed). The showing may not be a heavy burden, but it is a burden nonetheless. *See United States v. $244,320.00 in U.S. Currency*, 295 F. Supp. 2d 1050, 1062 (S.D. Iowa 2003); *see also United States v. $290, 000.00 in United States Currency,* 2006 WL 2475331, *4 (D. Kan. Aug. 25, 2006) ("The courts have consistently held that *unexplained* naked possession does not constitute a sufficient possessory interest to confer standing on a claimant to contest a forfeiture.") (emphasis added).

To overcome a motion to dismiss, a third party petitioner must establish that he is entitled to relief and that his "legal right, title, or interest in the forfeited property meets the circumstances set forth in either Section 853(n)(6)(A) or Section

8

853(n)(6)(B), and, he must allege facts sufficient to state a claim under one of the two provisions." *Preston*, 123 F. Supp. 3d at 115; *see also United States v. Hailey*, 924 F. Supp. 2d 648, 658 (D. Md. 2013) ("The availability of a motion to dismiss indicates that to state a claim, one of the § 853(n)(6) bases must be pled."); *see also United States v. Reckmeyer*, 836 F.2d 200, 203 (4th Cir. 1987) ("Subsection (n) provides the only means for third parties to establish their interest in forfeited property."). That means a petitioner must establish by a preponderance of the evidence superior ownership at the time of the offense under § 853(n)(6)(A), or that he subsequently acquired the property as a bona fide purchaser for value under § 853(n)(6)(B):

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; *or*
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> [T]he court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n)(6) (emphasis added); *see also Reckmeyer*, 836 F.2d at 204 ("[S]ubsection (n)(6) protects only two classes of petitioners, those whose legal interest in the property were superior to the defendant[] at the time the interest of the United States vested through the commission of an act giving rise to the

9

forfeiture and 'bona fide purchasers for value' without knowledge of the forfeitability of the defendant's assets."); *see also United States v. Jimerson*, 5 F.3d 1453, 1455 (11th Cir. 1993) (same).

### III. ANALYSIS

The Government argues that (1) the Law Firms' alleged interest in the Subject Property is pled in a conclusory fashion as it does not set forth the nature and extent of its interest or the time and circumstances of its acquisitions; and (2) the Law Firms cannot show it is a bona fide purchaser for value as it is only a general creditor. Because the Law Firm fails to establish that it is a bona fide purchaser, we do not address the first argument.

The Law Firm's complete allegation regarding its interest in the Subject Property is as follows:

> Petitioner was hired by the Optimus Entities to file a state court lawsuit to recover the money stolen by del Prado. As part of Petitioner's work, they retained an expert to trace and identify all of the assets del Prado stole. Petitioner performed a substantial amount of work on a largely-contingency fee arrangement and invested significant time and resources into the case. Indeed, Petitioner was able to identify the Subject Properties and confirm their funding via the Optimus Entities' assets only through expending hundreds of thousands of dollars of attorneys' fees, expert fees, and other resources. It is believed that the Government's Second Motion for Forfeiture and its basis for substitute of assets is significantly based on the work performed by Petitioner, which the Government gleaned via public filings in the state-court action.

Law Firm Petition ¶ 5. The contingency mentioned is now complete as the State Court Action resulted in judgment in favor of the Optimus Entities.

State law governs the definition of a bona fide purchaser for value under § 853(n)(6)(B). Under Florida law, to be a "bona fide purchaser," a party must have "(1) acquired legal title to the property in question, (2) paid value therefore, and (3) been innocent of knowledge of the equity against the property at the time when consideration was paid and title acquired." *DGG Dev. Corp. v. Estate of Capponi*, 983 So. 2d 1232, 1234 (Fla. 5th DCA 2008). The Law Firm claims that a "bona fide purchaser" can also include an attorney that provides legal services.

Not so for legal fees. The Eleventh Circuit has adopted the majority view that "unsecured general creditors cannot be considered bona fide purchasers for value within the meaning of § 853(n)(6)(B)." *United States v. Watkins*, 320 F.3d 1279, 1282-83 (11th Cir. 2003); *see also United States v. Ribadeneira,* 105 F.3d 833, 836 (2d Cir. 1997) (holding, in a case where the forfeited property was money, that general creditors could not be considered bona fide purchasers under § 853(n)(6)(B)); *United States v. BCCI Holdings (Luxembourg), S.A.,* 46 F.3d 1185, 1191-92 (D.C. Cir. 1995) (holding that general creditors cannot qualify as bona fide purchasers under 18 U.S.C. § 1963(*l*)(6)(B), a provision of the Racketeer Influenced and Corrupt Organizations Act that is substantively identical to § 853(n)(6)(B)); *United States v. Campos,* 859 F.2d 1233, 1238 (6th Cir. 1988). Only one circuit has found the opposite, *see United States v. Reckmeyer*, 836 F.2d 200 (4th Cir. 1987), and we decline to entertain the Law Firm's argument to go against controlling case law. And a district case has applied the majority view to fees owed to a law firm for legal

services rendered. *See United States v. Jennings*, 2007 WL 1834651, at *5 (N.D.N.Y. June 25, 2007) ("The law firm is not a bona fide purchaser for value because it cannot assert, and never purchased, an interest in a specific asset.").

The Law Firm, in a footnote, attempts to distinguish its circumstances from the majority view and its progeny of cases by noting that its interest is tied to particular assets and not cash. However, the Law Firm has not alleged that it has a security interest, secured a judgment, or perfected a lien against any particular asset among the Subject Property. *See Watkins*, 320 F.3d at 1284 (holding that petitioner without an attached security interest cannot recover under § 853(n)(6)(B)); *see also United States v. Madoff*, 2012 WL 1142292, at *4 (S.D.N.Y. Apr. 3, 2012) ("To have a claim in the specific property, a creditor, therefore, must secure a judgment or perfect a lien against a particular item"). It has only alleged that is owed a "fee" and thus has not meet its burden to show it has a secured interest in the Subject Property. Regardless, some of the Subject Property is $500,000 in cash, so the Law Firm's Petition is due to be dismissed at least in part.

Moreover, we are not convinced that the Law Firm did not have notice of the Government's forfeiture prior to rendering its services. At the time it agreed to perform services for the Optimus Properties, it must have been without a "reasonably held belief that the property was not subject to forfeiture." *United States v. Medina Cuartes*, 155 F. Supp. 2d 1338, 1343 (S.D. Fla. 2001). Courts generally apply an objective, not a subjective test, in determining whether the belief was objective. *See United States v. Sabatino*, 2018 WL 2074191, at *7 (S.D. Fla.

Apr. 13, 2018), *report and recommendation adopted*, 2018 WL 2016500 (S.D. Fla. Apr. 30, 2018). The Law Firm agreed to provide services after the Forfeiture Order was entered. The Forfeiture Order stated that the Government would seek forfeiture of "any other property of the defendants up to the value of the forfeitable property[]". [D.E. 3]. The Forfeiture Order was publicly filed. And the Law Firm was literally hired to recover the proceeds stolen by Del Prado and Mr. Mendez. It was thus objectively unreasonable for the Law Firm not to believe that the Government would not forfeit any property that was traced back to Mr. Mendez regardless if it was almost six years later.

The Law Firm is therefore is not a bona fide purchaser within the meaning of § 853(n)(6)(B). Accordingly, the Government's motion to dismiss the Law Firm Petition should be **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Government's motion to dismiss be **GRANTED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir.

13

Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

      **DONE AND SUBMITTED** in Chambers at Miami, Florida, this 3rd day of December, 2021

                                        /s/ *Edwin G. Torres*
                                        EDWIN G. TORRES
                                        United States Magistrate Judge